UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRITTON R. ARMSTRONG,<br>    Petitioner, | Case No. 1:15-cv-783 |
| vs. | Bertelsman, J.<br>Bowman, M.J. |
| WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,[1]<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate currently incarcerated at the London Correctional Institution in London, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss filed March 17, 2016. (Doc. 8).[2] Although petitioner was granted two extensions in which to file a response to the motion to dismiss, he failed to do so by the final deadline date of June 27, 2016. (*See* Docs. 9-10). Therefore, it appears that the matter is now ripe for final disposition.

## I. PROCEDURAL HISTORY

### A. State Proceedings

**Trial Proceedings (Case Nos. 2013-CR-317, 2013-CR-403, 2013-CR-572)**

In May 2013, the Clermont County, Ohio, grand jury returned an indictment in Case No.

---

[1] In the petition, petitioner properly named the Warden of Ross Correctional Institution (RCI) as respondent because petitioner was confined at RCI at the time the action commenced. (*See* Doc. 1). In March 2016, petitioner filed a notice informing the Court that he was transferred to and currently resides at the London Correctional Institution (LoCI) in London, Ohio. (*See* Doc. 6). Because it thus appears that petitioner is now in the custody of LoCI's Warden, the caption of the case is hereby changed to reflect that the Warden of LoCI is the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[2] Respondent has separately filed 37 exhibits obtained from the underlying state-court record, as well as transcripts from the trial proceedings, as support for the motion to dismiss. (*See* Doc. 7).

2013-CR-317 charging petitioner with one count of burglary in violation of Ohio Rev. Code § 2911.12(A)(2) and one count of grand theft of a firearm in violation of Ohio Rev. Code § 2913.02(A)(1). (*See* Doc. 7, Ex. 1). In June 2013, the Clermont County grand jury returned another indictment in Case No. 2013-CR-403 charging petitioner with the following additional criminal offenses: one count of aggravated arson in violation of Ohio Rev. Code § 2909.02(A)(1); one count of vandalism in violation of Ohio Rev. Code § 2909.05(A); two counts of burglary in violation of Ohio Rev. Code § 2911.12(A); and four counts of grand theft of a motor vehicle in violation of Ohio Rev. Code § 2913.02(A)(1). (*See id.*, Ex. 3). On September 23, 2013, petitioner entered guilty pleas to the burglary charge in Case No. 2013-CR-317 and to the aggravated arson and two burglary charges in Case No. 2013-CR-403 in exchange for the dismissal of the remaining counts in the two cases. (*See id.*, Exs. 6-7).

One day later, on September 24, 2013, the Clermont County grand jury returned a third indictment in Case No. 2013-CR-572 charging petitioner with two counts of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A) and two counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A). (*See id.*, Ex. 8). Firearm specifications were attached to each count. (*Id.*). On November 14, 2013, petitioner entered a guilty plea to one of the aggravated robbery charges in exchange for the dismissal of the remaining counts and firearm specifications. (*Id.*, Ex. 11).

A sentencing hearing was held on December 18, 2013 in the three cases. (*See id.*, Exs. 12-14). In entries filed on December 19, 2013, petitioner was sentenced to the following terms of incarceration, which amounted to an aggregate prison term of 28 years: six (6) years for the burglary offense in Case No. 2013-CR-317; eight (8) years for the aggravated arson offense and

2

six (6) years for the two burglary offenses in Case No. 2013-CR-403, with one of the 6-year terms for burglary to be served concurrently with other counts and sentences, but with the two remaining sentences to be served consecutively to each other and the sentence imposed in Case No. 2013-CR-317; and eight (8) years for the aggravated robbery offense in Case No. 2013-CR-572, to be served consecutively to the sentences in Case Nos. 2013-CR-317 and 2013-CR-403. (*See id.*).

### Direct Appeal: Ohio Court of Appeals

With the assistance of new counsel for appeal purposes, petitioner filed timely notices of appeal to the Ohio Court of Appeals, Twelfth Appellate District, in all three cases. (Doc. 7, Exs. 15-17). The appeals were consolidated. (*Id.*, Ex. 18).

Petitioner's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), as well as a motion to withdraw from representation of petitioner. (*See id.*, Exs. 19-20). In the *Anders* brief, counsel submitted the following assignment of error as "arguably" supporting petitioner's appeal: "The trial court erred in sentencing Appellant to consecutive prison terms." (*Id.*, Ex. 20, p. 4, at PAGEID#: 85). Petitioner sent a letter to the court in which he also claimed that the prosecutor made two "untrue" statements at the sentencing hearing. (*Id.*, Ex. 22).

On August 18, 2014, the Ohio Court of Appeals issued a Decision and Judgment Entry granting counsel's request to withdraw from representation of petitioner and dismissing the appeal as "wholly frivolous." (*Id.*, Exs. 24-25). On September 3, 2014, petitioner's counsel filed a motion requesting leave to file an application for reconsideration because the court had failed to address the additional issues raised by petitioner in his *pro se* letter to the court. (*Id.*, Ex. 26). On October 10, 2014, the Ohio Court of Appeals granted the motion for reconsideration and

3

confirmed its August 18, 2014 Decision and Judgment Entry after considering the additional issues and finding "no error prejudicial to appellant's rights in the proceedings before the trial court." (*Id.*, Ex. 27).

### Delayed Appeal: Ohio Supreme Court

Thereafter, on October 17, 2014, petitioner filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals' August 18, 2014 direct appeal decision. (Doc. 7, Exs. 28-29). Petitioner claimed as "cause" for his delay in filing that although he tried to submit his pleadings in a timely fashion to the Ohio Supreme Court, he mistakenly sent the documents to the Ohio Court of Appeals. (*Id.*, Ex. 29). Petitioner stated that by the time he received notice of his "filing mistake," when the documents were returned to him on October 2, 2014 "with an accompanying letter," the deadline for filing a timely appeal to the Ohio Supreme Court "had already lapsed." (*Id.*, at PAGEID#: 126).

On December 3, 2014, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the matter without opinion. (*Id.*, Ex. 30).

### B. Federal Habeas Corpus Petition

The instant federal habeas action commenced on December 10, 2015, when petitioner placed his petition in the prison mailing system and the pleading was scanned and emailed to the Court for filing. (*See* Doc. 1).[3] In the petition, petitioner alleges the following grounds for relief:

**Ground One:** A trial court must make the finding required by R.C. 2929.14(C)(4)

---

[3] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). In this case, the petitioner submitted his petition to prison authorities on the same date that the pleading was docketed as "filed" by the Clerk of Court. (*See* Doc. 1, at PAGEID#: 1, 8).

4

before imposing consecutive sentences on multiple offenses. In the instant case the petitioner's trial attorney never requested a Blockburger hearing in the case to see if any of the cases in this matter was allied offenses, and his trial attorney allowed the court to sentence him without even following the statute that was enacted in 2011 by the General Assembly which revived statutory language requiring fact-finding for consecutive sentences. . . . Petitioner's sentence is contrary to law and constitutes plain error. It is true in this case that the trial court did briefly discuss petitioner's cr[i]minal history and the seriousness of his offense. Nonetheless the petitioner was deprived of his due process right guaranteed by the Sixth, and Fourteenth Amendment[s] to the United States Constitution, and his Fifth Amendment right to appointment of competent counsel, and the petitioner should be gr[]anted relief and his case be remanded back to the trial court for a hearing on the said issues.

**Ground Two:** The petitioner was denied effective assistance of counsel when his trial counsel failed to investigate into the evidence and to research any DNA evidence that the State had against the petitioner, and he allow[ed] the petitioner to plead guilty to charges that should have been merged at the time of sentencing, and that the petitioner should have been sentenced as a first time offender, but however the petitioner's trial attorney allowed him to ple[a]d to the charges brought fo[]rth without first trying to have a Blockburger hearing to see if any of the charges were allied offenses. The petitioner should not have been sentenced to the time that he had been sentenced if the court would [have] given the petitioner a hearing on the Blockburger test, and this denied the petitioner the due process right to a fair trial and a right to assistance of competent counsel, and he was denied the right to the Fourth and Sixth Amendment[s] to the United States Constitution. So for this reason the petitioner request[s] . . . this Court to grant him relief on said writ.

(*Id.,* at PAGEID#: 4-5).

Respondent has filed a motion to dismiss the petition. (Doc. 8). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (*Id.*, pp. 9-16, at PAGEID#: 239-45). Petitioner has not filed any response to the motion to dismiss even though he was granted extensions of time in which to do so. (*See* Docs. 9-10).

5

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 8) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

It appears from the record presented that the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) governs the two claims that are asserted as grounds for relief in the instant action. The alleged errors occurred during the trial proceedings and were either known or discoverable through the exercise of due diligence before the conclusion of direct review. Indeed, to the extent that petitioner asserts claims stemming from the imposition of consecutive sentences in the absence of certain factual findings by the trial court, the issue was raised as a potential assignment of error by petitioner's counsel on appeal to the Ohio Court of Appeals *before*

6

petitioner's conviction became final within the meaning of § 2244(d)(1)(A). (*See* Doc. 7, Ex. 20). Therefore, as respondent has contended in the motion to dismiss (*see* Doc. 8, pp. 9, at PAGEID#: 239), and in the absence of evidence suggesting that another limitations period should apply here, the statute began to run under § 2244(d)(1)(A) when the challenged judgment of conviction and sentence was rendered "final" by the conclusion of direct review or the expiration of time for seeking such review.

As respondent has recognized (*see* Doc. 8, p. 12, at PAGEID#: 242), petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A) on October 2, 2014, when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Court of Appeals' August 18, 2014 direct appeal decision. (*See* Doc. 7, Ex. 24); *see also* Ohio S.Ct.Prac.R. 6.01(A)(1) & 7.01(A)(1)(a)(i); *Gonzalez v. Thaler,* __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). Although petitioner later unsuccessfully sought leave to file a delayed appeal with the Ohio Supreme Court, it is well-settled that, in contrast to cases where the delayed appeal motion is *granted*, unsuccessful motions for delayed appeal do not restart the running of the statute under § 2244(d)(1)(A), but rather can only serve to toll an unexpired limitations period under § 2244(d)(2). *See, e.g., Board v. Bradshaw,* 805 F.3d 769, 771-72 (6th Cir. 2015) (and Sixth Circuit cases cited therein); *see also Lung v. Warden, Chillicothe Corr. Inst.*, No. 1:14cv149, 2015 WL 539430, at *2 (S.D. Ohio Feb. 9, 2015) (Litkovitz, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2015 WL 1020303 (S.D. Ohio

Mar. 9, 2015) (Dlott, J.).[4] Therefore, absent application of tolling principles, the statute of limitations commenced running on October 3, 2014, one day after petitioner's conviction became final. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000).

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, on September 3, 2014, before the statute of limitations had even begun to run, petitioner filed an application for reconsideration with the Ohio Court of Appeals, which was granted. (*See* Doc. 7, Exs. 26-27). Despite "some uncertainty as to whether a motion for reconsideration tolls the AEDPA statute of limitations," *see Garner v. Gansheimer*, No. 1:09cv874, 2010 WL 547482, at *5 (N.D. Ohio Feb. 10, 2010) (and cases cited therein), the undersigned assumes, without deciding, that because the application was granted, the limitations

---

[4] *Cf. Little v. Warden, Warren Corr. Inst.*, No. 1:10cv468, 2011 WL 2358565, at *4 n.2 (S.D. Ohio May 16, 2011) (Litkovitz, M.J.) (Report & Recommendation) (noting that although the Supreme Court held in *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A), a delayed appeal motion that is *denied* does not restart the limitations period), *adopted,* 2011 WL 2293316 (S.D. Ohio June 9, 2011) (Bertelsman, J.). *See generally Gonzalez*, 132 S.Ct. at 653-54 (distinguishing *Jimenez*, where the Court had adopted "the out-of-time appeal's date of finality over the initial appeal's date of finality," in holding that the petitioner's state conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired").

period was tolled under § 2244(d)(2) during the period of time the motion for reconsideration was pending before the state courts. The Ohio Court of Appeals issued the final ruling in the matter (granting the motion and reaffirming its August 18, 2014 decision) on October 10, 2014. (*See* Doc. 7, Ex. 27). Therefore, it is assumed that the statute of limitations actually commenced running on October 11 rather than October 3, 2014.

The statute of limitations ran for a total of 6 days before it was apparently tolled again by the filing on October 17, 2014 of petitioner's notice of appeal and motion for delayed appeal to the Ohio Supreme Court. (*See id.*, Exs. 28-29). *Cf. Board*, 805 F.3d at 771-76 (reaffirming prior precedents—*see, e.g., DiCenzi v. Rose*, 452 F.3d 465, 468-69 (6th Cir. 2006); *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001); *Anderson v. Brunsman*, 562 F. App'x 426, 430 (6th Cir. 2014); *Applegarth v. Warden, N. Cen. Corr. Inst.*, 377 F. App'x 448, 449 (6th Cir. 2010)—in holding that a motion for delayed appeal to the Ohio Court of Appeals, even if "ultimately unsuccessful," is a "properly filed" motion under Ohio R. App. P. 5 for state collateral relief that serves to toll the limitations period under § 2244(d)(2)). The statute was tolled from October 17, 2014 (the date petitioner filed his motion for delayed appeal with the Ohio Supreme Court) through December 3, 2014, when the Ohio Supreme Court issued the final entry in the matter denying the delayed appeal motion.[5] (*See* Doc. 7, Ex. 30). The statute of limitations began to run again on December 4, 2014, and expired 359 days later on November 30, 2015 absent any further tolling of

---

[5] In *Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007), the Supreme Court made it clear that in contrast to the provision set forth in 28 U.S.C. § 2244(d)(1)(A) for determining the finality of a state conviction, tolling under § 2244(d)(2) does *not* include the time for seeking review in the United States Supreme Court through a petition for certiorari.

the limitations period.⁶  Because petitioner commenced the instant action on December 10, 2015, after the statute of limitations had run its course, his habeas petition is time-barred unless equitable tolling principles apply to excuse the procedural bar to review.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland v. Florida,* 560 U.S. 631, 645 (2010), "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."  *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  Equitable tolling is granted "sparingly."  *Id.* (quoting *Robertson*, 624 F.3d at 784).  A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).  Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply.  *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)).  "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit."  *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

In this case, although it appears petitioner was initially diligent about pursuing his rights in the state courts, he was neither diligent in pursuing his rights nor prevented by "extraordinary

---

⁶ The remaining 359-day limitations period actually expired on November 28, 2015, which fell on a Saturday.  Therefore, the undersigned assumes that the period was extended to include the next business day of Monday, November 30, 2015.

circumstances" after the Ohio Supreme Court denied his delayed appeal motion in December 2014 from filing a timely habeas petition before the expiration of the limitations period on November 30, 2015. Although petitioner has conceded in his habeas petition that he failed to file the pleading within the one-year limitations period, he contends that the bar to review should nevertheless be excused because he had only limited access to the prison law library. (*See* Doc. 1, at PAGEID#: 7). It is well-settled that a habeas "[p]etitioner's *pro se* incarcerated status and limited access to the prison's law library do not constitute extraordinary circumstances justifying equitable tolling of the statute of limitations." *See, e.g., Beard v. Ohio,* No. 2:11cv823, 2013 WL 1281929, at *2 (S.D. Ohio Mar. 27, 2013) (citing *Lathan v. Warden, Southeastern Corr. Inst.*, No. 2:11cv302, 2012 WL 368048 (S.D. Ohio Feb. 3, 2012));[7] *see also Hall*, 662 F.3d at 751-52; *Boyd v. Tibbals*, No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation), *adopted*, 2014 WL 2931475 (S.D. Ohio June 30, 2014). In this case, petitioner's alleged limited access to the prison law library is simply insufficient to warrant equitable tolling, particularly given that petitioner had more than 11 months after the Ohio Supreme Court denied his delayed appeal motion in which to prepare and timely file a habeas petition. *Cf. Hall*, 662 F.3d at 752 (finding no "extraordinary circumstance" when the petitioner "had more than 10 months in which to file his habeas petition" after the Ohio Supreme Court denied his motion for reconsideration).

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar

---

[7] It is noted that the petitioner in *Beard* subsequently filed a motion for reopening of the proceeding in order to reconsider the March 27, 2013 ruling, which was denied. Petitioner apparently has filed an appeal to the Sixth Circuit from that subsequent decision. *See Beard v. United States*, No. 2:11cv823, 2014 WL 5222202 (S.D. Ohio Oct. 14, 2014), *appeal filed*, No. 14-4256 (6th Cir. Dec. 22, 2014).

to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), and after taking into account the tolling of the statute under § 2244(d)(2), the statute of limitations began to run on October 11, 2014 and expired on November 30, 2015. Equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, respondent's motion to dismiss (Doc. 8) should be **GRANTED** on the ground that the petitioner's habeas corpus petition, filed on December 10, 2015, is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether

the Court is correct in its procedural ruling.[8]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

                                                s/Stephanie K. Bowman
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

---

[8] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484. It is noted further, however, that petitioner faces an additional procedural hurdle to review of his claims because it appears petitioner may have waived his grounds for relief to the extent that he (1) failed to raise some of the issues asserted for the first time in the instant petition to the state courts, and (2) failed to perfect a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' August 18, 2014 direct appeal decision.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRITTON R. ARMSTRONG,  Case No. 1:15-cv-783
    Petitioner,

                                      Bertelsman, J.
    vs                                Bowman, M.J.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

## NOTICE

       Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc